# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHUN RAFEAL SUNCAR** | : | **CIVIL ACTION NO. 1:08-CV-2201** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **OFFICER SHERMEYER** and **OFFICER RASIER**, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of June, 2009, upon consideration of the report of the magistrate judge (Doc. 15), recommending that *pro se* plaintiff's action be dismissed for failure to prosecute, to which no objections were filed, and upon further consideration of the motion to appoint counsel (Doc. 3), and following an independent review of the record, it appearing that the court repeatedly instructed plaintiff to either file an affidavit in support of his request to proceed *in forma pauperis* or to pay the filing fee, (see Docs. 6, 8, 11), that plaintiff was advised that failure to comply with court orders would result in dismissal, (see Doc. 8), and that plaintiff has not complied with these orders, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure as permitting *sua sponte* dismissals by the court); Poulis v. State Farm

Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute),[1] and it further appearing that plaintiff failed to advise the court of a change to plaintiff's address,[2] (see Docs. 9, 10, 12, 13, 14, 16), and the court finding that plaintiff was informed of the necessity of complying with the court's orders and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's failure to respond to the orders of court dated December 9, 2008 (Doc. 6), January 15, 2009 (Doc. 8), and February 10, 2009 (Doc. 11) demonstrates a pattern of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that the failure to file a proper change of address with the court and the failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor); Wesley v. Dixon, 198 F. App'x 249, 251 (3d Cir. 2006), and that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is requesting to proceed *in forma pauperis* in

---

[1] The court will dismiss plaintiff's claims without prejudice to his ability to reassert them in a separate suit. The Third Circuit outlined the Poulis factors in the context of a dismissal with prejudice and has never addressed their applicability to an involuntary dismissal that has no effect on the plaintiff's ability to bring the claims in a subsequent litigation. See Hernandez v. Palakovich, 293 F. App'x 890, 894 n.8 (3d Cir. 2008) ("We need not and do not opine on whether a Poulis analysis is required whenever a complaint is dismissed without prejudice."). Nevertheless, the court has applied the Poulis factors in the instant matter to consider fully the manner in which plaintiff has prosecuted his claims.

[2] Mail was returned to the court as undeliverable on six occasions as a result of plaintiff's failure to file a notice of address change.

this case, (see Doc. 2); see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor),[3] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 14) is ADOPTED.

2. The claims against all defendants are DISMISSED without prejudice. See FED. R. CIV. P. 41(b).

3. The motion to appoint counsel (Doc. 3) is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[3] Poulis also requires the court to consider whether plaintiff's conduct has prejudiced the defendants and whether plaintiff's claims are without merit. See Poulis, 747 F.2d at 868-70 (identifying "[p]rejudice to the adversary" and "[m]eritoriousness of the claim" as factors). The complaint being the only document descriptive of plaintiff's case, the court is unable to conclude that these two factors weigh either for or against dismissal. The court notes that it is not necessary for all of the Poulis factors to "be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).